# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| KATHERINE R. H., | ) |
|            *Plaintiff* | ) |
| | ) |
| v. | )    No. 1:19-cv-00038-JAW |
| | ) |
| ANDREW M. SAUL, | ) |
| *Commissioner of Social Security*,[1] | ) |
| | ) |
|            *Defendant* | ) |

## *REPORT AND RECOMMENDED DECISION*[2]

This Social Security Disability ("SSD") and Supplemental Security Income ("SSI") appeal raises the question of whether the administrative law judge ("ALJ") supportably found the plaintiff capable of performing work existing in significant numbers in the national economy. The plaintiff seeks remand on several bases, including that, although the ALJ purported to give significant weight to the opinions of two examining physicians who agreed that her subjective complaints of pain were unsupported by objective evidence, the ALJ ignored the conclusion of one and the suspicion of the other that she suffered from a somatization disorder, a psychiatric condition in which an individual's suffering is authentic, whether or not it is medically explained. *See* Statement of Specific Errors ("Statement of Errors") (ECF No. 15) at 1-8. Because the ALJ purported to give great weight to the opinions in question but ignored material findings within

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Andrew M. Saul is substituted as the defendant in this matter.

[2] This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

them, I cannot discern whether she reached a supportable result *via* an acceptable analytical pathway. Accordingly, I recommend that the court vacate the commissioner's decision and remand this case for further proceedings consistent herewith. I need not and do not reach the plaintiff's remaining points of error.

Pursuant to the commissioner's sequential evaluation process, 20 C.F.R. §§ 404.1520, 416.920; *Goodermote v. Sec'y of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the ALJ found, in relevant part, that the plaintiff met the insured status requirements of the Social Security Act through September 30, 2018, Finding 1, Record at 17; that she had the severe impairments of myalgia pain syndrome, anxiety, and depression, Finding 3, *id*. at 18; that she had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), except that she could lift or carry no more than 10 pounds occasionally and less than 10 pounds frequently, could never balance, could not be exposed to unprotected heights, hazards, heavy machinery, and vibrations, could have no more than occasional exposure to extreme heat, extreme cold, wetness, humidity, and pulmonary irritants such as smoke, dust, fumes, or gases, could be expected to be off task up to 12 percent of each workday in addition to regular breaks (due to symptoms of pain and mental health disruption), could work with simple routine, and repetitive tasks (due to symptoms of pain), and needed to be able to stretch or change position, for example having the freedom of a sit/stand option, throughout the day at her discretion and for her comfort, Finding 5, *id*. at 21; that, considering her age (23 years old, defined as a younger individual, on her alleged disability onset date, July 15, 2015), education (at least high school), work experience (transferability of skills immaterial), and RFC, there were jobs existing in significant numbers in the national economy that she could perform, Findings 7-10, *id*. at 29; and

that she, therefore, had not been disabled from July 15, 2015, her alleged onset date of disability, through the date of the decision, April 16, 2018, Finding 11, *id*. at 30-31. The Appeals Council declined to review the decision, *id*. at 1-3, making the decision the final determination of the commissioner, 20 C.F.R. §§ 404.981, 416.1481; *Dupuis v. Sec'y of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Sec'y of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The ALJ reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than her past relevant work. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Sec'y of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## I. Discussion

At the close of the plaintiff's administrative hearing, the ALJ permitted her counsel an opportunity to search for and submit any medical records associated with a prior workers' compensation case. *See* Record at 95. The plaintiff's counsel did so, submitting, *inter alia*, a report of a medical evaluation by Michael M. Mainen, M.D., dated November 4, 2015, *see id*. at

896-907, and a report of independent medical evaluation by Stephan Bamberger, M.D., dated May 25, 2016, *see id*. at 909-16. In his cover letter transmitting those materials, the plaintiff's counsel correctly noted that:

1. "Dr. Mainen diagnosed a somatization disorder and assessed [the plaintiff's] treatment at that time as follows: 'With this much symptomatology and resistance to treatment and so little objective pathology to show for it, in a patient with such a long history of requiring psychological care, I would have thought that a psychological evaluation would have been obtained some time ago.'" Letter dated February 22, 2018, from David A. Chase to The Honorable Patricia French, Administrative Law Judge ("Chase Letter") (ECF No. 15-1), attached to Statement of Errors, at 2; Record at 905.

2. "While Dr. Mainen did not believe that [the plaintiff] suffered an injury on the job that interfered with her ability to work, he did opine, 'She has extensive symptoms, but I believe these symptoms are psychogenic in origin and not physical.'" *Id*.

3. "Dr. Bamberger opined, 'I think [the plaintiff] needs psychiatric treatment first and foremost; this is unrelated to any work injury. I don't believe any additional treatment addressing ostensible physical ailments is going to yield much in the way of improvement.'" Chase Letter at 2; Record at 915.

4. These findings reflected "a significant psychological component with regard to [the plaintiff's] condition, namely in the form of a somatoform disorder." Chase Letter at 2; Record at 906, 914.

As the plaintiff observes, *see* Statement of Errors at 5, the ALJ failed to address the somatization disorder despite the fact that her counsel squarely raised the issue in his post-hearing

letter, *see* Record at 18-28.  Yet, while she noted that Dr. Mainen found that the plaintiff was "not at risk of physical harm by returning to work" and did "not require restrictions[,]" and that he "opined that the objective findings did not match the subjective complaints[,]" she acknowledged that he had "also opined that although there are subjective complaints of extensive symptoms, those symptoms are psychogenic in origin and not physical[.]"  *Id*. at 23.  She then stated:

> Although Dr. Mainen only personally examined the [plaintiff] once, his opinion as an internal medicine medical doctor warrants close consideration because it is well supported by detailed clinical findings. However, it is clear he is not a treating doctor and lacks the advantage of monitoring the alleged conditions longitudinally. For this reason and in an abundance of caution, careful consideration was given to the [plaintiff]'s subjective allegations.  Nonetheless, in light of its breadth and detail, Dr. Mainen's opinion was given significant weight.

*Id*.

The ALJ treated the Bamberger opinion in the same fashion.  She noted that Dr. Bamberger not only had recorded "no significant findings" on examination but also had "opined that the [plaintiff] had likely experienced transient cervical and lumbar strains, which should resolve quickly, and most likely would have resolved were there not an overriding psychiatric or psychological disorder."  *Id*. at 23-24 (citation omitted).  She added that Dr. Bamberger had "opined at present (May 2016) to a full physical work capacity with disability or restrictions on employment based, if at all, on psychological conditions unrelated to the original work-related complaint."  *Id*. at 24 (citation omitted).  She concluded:

> Dr. Bamberger's opinion and its conclusions are very similar to those of Dr. Mainen.  Both are also well supported by detailed clinical findings. The record prior to Dr. Bamberger's assessment report does not contradict his opinion or conclusions.  For all these reasons and based on the whole of this record, significant weight was given to Dr. Bamberger's opinion and conclusions.

*Id*.

In summarizing her physical RFC findings, the ALJ explained that, although "the objective medical evidence that is proffered to support the subjective allegations is largely unremarkable[,]" she had given "the maximum consideration to the [plaintiff]'s subjective testimony" in assessing her physical RFC. *Id*. at 25.

While the ALJ separately discussed her findings concerning the plaintiff's mental impairments, she did not reference somatization disorder in that context, either. *See id*. at 25-28. She explained that, although there was "little to no evidence that bona fide mental impairments ha[d] jeopardized [the plaintiff's] ability to engage in work-related functioning to the degree subjectively alleged[,] . . . in an abundance of caution, the [RFC] assesses limitations relating to task complexities and social interactions." *Id*. at 26. She added, "The [plaintiff]'s subjective allegations have been given credit to the maximum extent deemed reasonable within the bounds of the objective medical and non-medical record." *Id*.

While courts overlook an "arguable deficiency in opinion-writing technique" if not outcome-determinative, *see Bryant ex rel. Bryant v. Apfel*, 141 F.3d 1249, 1252 (8th Cir. 1998) (citation and internal punctuation omitted), reversal and remand are warranted when failures to explicate and/or even address material issues prevent a reviewing court from concluding that the ALJ reached a supportable result *via* an acceptable analytical pathway, *see*, *e.g.*, *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999) ("The ALJ's findings of fact are conclusive when supported by substantial evidence, but are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts.") (citations omitted).

That is the case here. The ALJ purported to give "significant weight" to the Mainen and Bamberger opinions, Record at 23-24, acknowledging that Dr. Mainen had concluded that the

symptoms of which the plaintiff complained were "psychogenic in origin and not physical[,]" *id*. at 23, and Dr. Bamberger had found that any "disability or restrictions on employment [were] based, if at all, on psychological conditions[,]" *id*. at 24. She also purported to have credited the plaintiff's subjective complaints to the maximum extent deemed reasonable. *See id*. at 25-26. Yet, she ignored the elephant in the room – a diagnosis of somatization disorder that could have accounted for the plaintiff's subjective complaints.

"'The essential feature of Somatization Disorder is a pattern of recurring, multiple, clinically significant somatic complaints.'" *Fuller v. Astrue*, 766 F. Supp. 2d 1149, 1161 (D. Kan. 2011) (quoting American Psychiatric Ass'n, *Diagnostic and Statistical Manual of Mental Disorders* (4th ed., text rev. 2000) ("DSM-IV-TR") at 486). "'The multiple somatic complaints cannot be fully explained by any known general medical condition or the direct effects of a substance.'" *Id*. (quoting DSM-IV-TR at 486). "'Finally, the unexplained symptoms in Somatization Disorder are not intentionally feigned or produced (as in Factitious Disorder or Malingering).'" *Id*. at 1162 (quoting DSM-IV-TR at 486) (emphasis omitted). Had the ALJ fully accepted the Mainen and Bamberger opinions, she seemingly could not have credited the plaintiff's subjective complaints to the maximum extent deemed reasonable. Yet, she left this material issue unresolved.

A court is "ill-equipped to sort out a record that admits of conflicting interpretations." *Soto v. Sec'y of Health & Human Servs.*, 795 F.2d 219, 222 (1st Cir. 1986) (remanding case to commissioner on that basis); *see also, e.g.*, *Rodriguez,* 647 F.2d at 222 ("The [commissioner] may (and, under his regulations, must) take medical evidence. But the resolution of conflicts in the evidence and the determination of the ultimate question of disability is for him, not for the doctors

or for the courts."). On this record, I am unable to conclude that the ALJ reached a supportable result *via* an acceptable analytical pathway or that her RFC determination is supported by substantial evidence, requiring remand.[3]

## II. Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **VACATED** and the case **REMANDED** for proceedings consistent herewith.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 3rd day of February, 2020.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge

---

[3] The commissioner's arguments against remand on the basis of the ALJ's failure to address somatization disorder miss the mark. He asserts that the plaintiff fails to demonstrate that any error in ignoring somatization disorder was harmful, asserting that the findings of Drs. Mainen and Bamberger are equivocal or inconclusive, no medical provider identified any permanent functional limitations flowing from somatization disorder, and, in any event, the ALJ properly discounted the plaintiff's subjective allegations. *See* Defendant's Opposition to Plaintiff's Statement of Errors (ECF No. 19) at 6. As the plaintiff's counsel rejoined at oral argument, these are *post hoc* rationalizations. *See, e.g., Day v. Astrue,* No. 1:12-cv-141-DBH, 2012 WL 6913439, at *10 (D. Me. Dec. 30, 2012) (rec. dec., *aff'd* Jan. 18, 2013) ("Pursuant to the rule of *SEC v. Chenery Corp.,* 332 U.S. 194 (1947), a reviewing court cannot affirm an agency's decision on the basis of a *post hoc* rationalization but must affirm, if at all, on the basis of a rationale actually articulated by the agency decision-maker.") (citations and internal punctuation omitted). While "[a]n exception to the *Chenery* rule exists when a remand will amount to no more than an empty exercise because, for example, application of the correct legal standard could lead to only one conclusion[,]" *id.*, that is not the case here.